**DENIED and Opinion Filed April 11, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00016-CV**

**IN RE UMTH GENERAL SERVICES, L.P., UMT HOLDINGS, L.P., UMTH LAND DEVELOPMENT, L.P., HOLLIS M. GREENLAW, TODD F. ETTER, BEN L. WISSINK, AND CARA D. OBERT, Relators**

**Original Proceeding from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-09833**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Miskel
Opinion by Justice Miskel

Before the Court is relators' January 5, 2023 petition for writ of mandamus wherein relators challenge the trial court's November 30, 2022 Order Denying Defendants' Motion to Dismiss. Also before the Court is relators' January 5, 2023 Motion to Stay and Request for Expedited Consideration.

The complained-of order denying the motion to dismiss was signed in the 192nd Judicial District Court by the Honorable Kristina Williams, whose term expired on December 31, 2022. We abated this original proceeding pursuant to Texas Rule of Appellate Procedure 7.2 to allow the successor judge, the Honorable Maria Aceves, to reconsider the challenged order. The parties filed a status report

stating that Judge Aceves had held a hearing to reconsider relators' motion to dismiss on January 19, 2023, and then had entered an order declining to reconsider the motion. We then reinstated this original proceeding.

Entitlement to mandamus relief requires relators to show that the trial court clearly abused its discretion and that relators lack an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relators bear the burden of providing the Court with a sufficient record to show they are entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Here, relators did not provide a reporter's record from the January 19, 2023 hearing or a statement that no testimony was adduced in connection with the matter complained at that hearing. *See* TEX. R. APP. P. 52.7(a)(2). Relators also contend that on January 18, 2023, they filed a supplement to the record for the trial court's consideration. But relators have failed to file a certified or sworn copy of the supplement in this original proceeding. *See* TEX. R. APP. P. 52.7(a)(1). Thus, we conclude relators have failed to meet their burden to provide a sufficient record.

Even if these defects did not exist, after reviewing relators' petition and the record before us, we conclude that relators have failed to demonstrate entitlement to mandamus relief. Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

–2–

We also deny relators' motion to stay and for expedited consideration as moot.

/Emily Miskel/
EMILY MISKEL
JUSTICE

230016F.P05